THE STATE, TO THE USE OF HARL, *vs.* JOHN MARTIN ET AL.

In action against a sheriff on his official bond, for failing to make proper return of an execution, the judgment on which the execution was issued is not the foundation of the action; therefore, a variance in the date of it will not be material. The official bond is the foundation of the action.

APPEAL from the Boone Circuit Court.

TODD *and* KIRTLEY, *for Appellants.*

That where the judgment offered in evidence is not the foundation of the action, and not made profert of by way of *palet per recordum*, a variance in the date is not sufficient to reject it in evidence, it being stated by way of inducement.

LEONARD *and* GORDON, *for Appellees.*

The only question presented by the record, for the decision of this Court, is, Did the court properly reject the record of the judgment offered in evidence by the plaintiff? It is contended, in support of the judgment below, that the court properly refused to permit said record to be read on the trial of the cause, for the reason, that the judgment mentioned in the plaintiff's declaration, and the one offered in evidence, varied in date.

TOMPKINS, *Judge, delivered the opinion of the Court.*

The State of Missouri, for the use of Lewis H. Harl, sued John Martin and others, in the Circuit Court of Boone county. Judgment was given for defendants; and, to reverse it, this appeal is taken.

Martin was sheriff of Boone county; and the suit was brought against him and his sureties on his official bond. After setting out the bond in the declaration, it is averred, that whereas one Lewis Harl, for whose use and benefit this action is brought, did, on the 14th day of April, in the year 1839, by the judgment of the Boone Circuit Court, recover, against one James T. Connelly, the sum of, &c.

The record produced in evidence showed, that the judgment was rendered on the 15th day of April, 1840. The Circuit Court rejected the writing for this variance; and this act of the court is assigned for error.

If, in this declaration, the plaintiff had not set out correctly the bond, which is the foundation of the action, the defendant might have craved oyer, and demurred; or if, on a plea of *non est factum*, with an affidavit, he imposed the *onus probandi* on the plaintiff, a bond of a different date could not have been given in evidence,

to support the declaration; because that on which the action is founded must be correctly stated, in order that the defendant may not be twice sued on the same instrument of writing. But the record here is not declared on; or in other words, this record is not the foundation of the action.

It is, then, not material, that the date be correctly set out. See the case of Martin *vs.* Miller, 3 Mo. Rep., p. 136., where it is said the rule is stated to be, that when a particular fact is to be tried, a variance in the date will not be material, although it is proved by a record, or other written evidence; provided, the same be not alleged as descriptive of the record, by means of a *prout patet per recordum,* or otherwise.— See the authorities there cited.

The judgment of the Circuit Court is reversed; and the cause remanded, to be proceeded in conformably with this opinion.